THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:03CV0140 DS |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE CLAIM AND FOR ENTRY OF DEFAULT JUDGMENT |
| 72,100 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Court having considered the United States' Motion to Strike the Claim of Ahmad Shayesteh for being Non-Responsive and for Entry of Default Judgment and Order of Forfeiture (Doc. # 74), **denies** the same.

The United States filed this civil forfeiture action on February 5, 2003 against currency found on May 14, 2002 in a safe deposit box bearing the name Ahmad Shayesteh ("Shayesteh"). On August 21, 1996 Shayesteh was convicted by a jury of two counts of possession of a controlled substance with intent to distribute. He was subsequently sentenced to 262 months in prison and a $10,000 fine. Shayesteh has filed a claim to the currency.

In support of its Motion the United States complains that it "has not received any initial disclosures, responses to production of documents or an answer to #6 on the Plaintiff's first set of Interrogatories, or any answers to Plaintiff's second set of interrogatories."  Mem. Supp. P.4.  Mr. Shayesteh asserts that he has now provided answers to the requested discovery and contends that Plaintiff's Motion is now moot.  The United States responds that the discovery provided is untimely, that Shayesteh's answer to Interrogatory No. 6 fails to list the specifics of his employment history, and that, in any event, Shayesteh still has not entered into an Attorney Planning Meeting Report with the United States.

Fed. R. Civ. P. 37(b)(2) authorizes the Court to sanction a party who "fails to obey an order to provide or permit discovery ...."  Among the sanctions available is "[a]n order ... dismissing the action or proceeding or any part thereof ...." Id. 37(b)(2)©.  In this regard, the Tenth Circuit instructs:

> "Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: '(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" .... "This list," ... "is not exhaustive, nor are the factors necessarily" of equal weight. ... "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve

cases on their merits is dismissal an appropriate sanction." *The Procter & Gamble Co. V. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)(internal citations omitted).

The Court requested supplemental briefing from the United Sates evaluating Mr. Shayesteh's conduct in the context of the factors set forth above by the Tenth Circuit.  After reviewing that submission, the Court concludes that the United States has failed to establish any significant prejudice to it, or interference with the judicial process, due to Shayesteh's delay in responding to discovery.  Although the Court is frustrated at the painfully slow pace at which this case has developed to date, the Court is not satisfied that Mr. Shayesteh's conduct is so aggravating that it justifies dismissal as a sanction.

Nevertheless, **the Court will not tolerate further delay** in resolving this matter and both parties are placed on notice that the Court intends to proceed to a resolution of the case by the earliest date practicable.  To that end, the United States and Mr. Shayesteh are to submit an Attorneys' Planning Report within thirty days of the date of this Order, including the earliest possible date that they will be prepared for trial.

Failure to fully and timely cooperate by either side will be met with the harshest sanctions available, including the dismissal of any claim and/or the case with prejudice.

IT IS SO ORDERED.

DATED this  25ᵀᴴ  day of  May  , 2007.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT