THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.2:03CV0140 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S SECOND MOTION TO STRIKE CLAIM OF AHMAD SHAYESTEH FOR BEING NON-RESPONSIVE (Doc. #145). |
| $72,100 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**INTRODUCTION**

The United States filed this civil forfeiture action on February 5, 2003 against $72,100 in currency found on May 14, 2002 in a safe deposit box bearing the name Ahmad Shayesteh ("Shayesteh"). On August 21, 1996 Shayesteh was convicted by a jury of two counts of possession of a controlled substance with intent to distribute. He was subsequently sentenced to 262 months in prison and a $10,000 fine. The Government alleges that the $72,100 represents proceeds from Shayesteh's involvement in drug trafficking. Shayesteh has filed a claim to the currency contending generally that he derived it from legitimate sources.

Pending before the Court is Plaintiff's Second Motion to Strike the Claim of Ahmad Shayesteh for being Non-responsive and for Entry of Default Judgment and Order of Forfeiture (Doc. #145). For the reasons that follow, the relief requested is

granted.[1]

## DISCUSSION

In an action for civil forfeiture, "the burden of proof is on the Government to establish, by a preponderance of the evidence that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). In addition, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." Id. at § 983(c)(3).

In determining whether the United States can prove the requisite connection between the subject currency and drug activity, an important factor to consider is whether there is evidence that the funds were derived from a legal source. *See, e.g., United States v. $174,206.00 in United States Currency*, 320 F.3d 658, 662 (6th Cir. 2003)(evidence of limited income as reflected in tax returns and from failure to file tax returns for relevant years was sufficient on motion for summary judgment to show that claimant's legitimate income was insufficient to explain large amount of currency); *see also United States v.*

---

[1] On February 20, 2008, Shayesteh pursuant to 28 U.S.C. § 1292(a)(1) filed a Notice of Appeal of the Court's denial of his "Motion for Reconsideration of the Thirty-year Tax-Disclosure Order". The Court concludes that the Order appealed is not a final or immediately appealable decision such that the Court is divested of jurisdiction to proceed in this matter.

*$252,300.00 in United States Currency*, 484 F.3d 1271,1275 (10th Cir. 2007)(evidence showing that claimant to currency in forfeiture action had limited income was entitled to considerable weight); *United States v. Carrell*, 252 F.3d 1193, 1201 (11th Cir. 2001)(evidence that claimants "have no visible source of substantial income" is probative evidence in civil forfeiture action).

Since February of 2003, the United States has attempted to discover evidence from Shayesteh that would substantiate, or not, his claim to the currency. Without belaboring the discussion, the Court will simply note that the record is replete with dilatory acts and tactics by Shayesteh that effectively and unreasonably have delayed this matter from being concluded.

Most recently, Shayesteh has refused to provide the United States with requested documents regarding his income tax returns and any social security cards issued to him, despite the Court's Order that he comply.[2] By Order dated January 10, 2008, the Court granted that part of Plaintiff's Second Motion to Compel Shayesteh to Comply with Plaintiff's First Request for Production of Documents and Plaintiff's Third Set of Interrogatories Nox. 8, 9, 10, 11, and 12. Those requests generally sought to discover

---

[2] As summarized in its supporting pleading, the United States also asserts that Shayesteh has failed to fully respond to Interrogatories 8, 9, 10, 11, and 12. The Court makes no findings here regarding those assertions.

Shayesteh's tax payment history, information regarding any social security cards issued to him, and other information generally related to his claim that the subject currency was derived from legitimate sources. Shayesteh was ordered to fully comply within fifteen days and warned that "failure to do so will result in appropriate sanctions including dismissal" of his claim.

On January 31, 2008, the United States received Shayesteh's response to Plaintiff's First Request for Production of Documents No. 2. Shayesteh refused to provide the United States with his tax records despite the Court's order requiring that he do so. He also refused to sign and provide the requests for tax returns forms provided by the United States that would have allowed it to obtain those records if the information were unavailable to him. In response to Request for Production of Documents No. 1, Shayesteh also failed to provide a copy of his social security card. Likewise he did not sign and provide the enclosed release form so that the United States could obtain the social security information itself if the information were not available to him.

The record reflects that Shayesteh has a history of dilatory and obstructive behavior with regard to furnishing discovery. Most recently he has refused to produce tax return and social security documents in willful disregard of this Court's Order. The Court finds Shayesteh's refusal to furnish the requested tax and social security documents to constitute bad faith.

Fed. R. Civ. P. 37(b)(2) authorizes the Court to sanction a party who "fails to obey an order to provide or permit discovery ...."  Among the sanctions available is "[a]n order ... dismissing the action or proceeding or any part thereof ...." Id. 37(b)(2).  In this regard, the Tenth Circuit instructs:

> "Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: '(1)the degree of actual prejudice to the [other party]; (2)the amount of interference with the judicial process;... (3)the culpability of the litigant; (4)whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5)the efficacy of lesser sanctions.'" .... "This list," ... "is not exhaustive, nor are the factors necessarily" of equal weight. ... "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."

*The Procter & Gamble Co. V. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)(internal citations omitted).

As a consequence of Shayesteh's bad faith, the Court concludes that the United States has been prejudiced due to the incursion of unnecessary additional time, effort and expense in prosecuting this matter.  Valuable resources of the United States occupied in this prolonged matter, unnecessarily have been made unavailable for use in other civil and criminal matters.  Similarly, Shayesteh's bad faith has directly impacted the judicial process by unnecessarily delaying the fair and impartial resolution of this matter and in wasting the judicial resources of the Court.

The Court finds that Shayesteh is fully culpable for his actions. The Court has a long history of presiding over litigation involving Shayesteh and repeatedly he has proven himself an astute and capable advocate. The matters at issue in this case are not complex. The document discovery requested from Shayesteh is not complex. In deference to his incarcerated status, the United States attempted to make his compliance easier by providing release/request forms for his signature in order to facilitate his retrieval of his social security and income tax information. Nevertheless, he refused to comply. The Court is satisfied that Shayesteh was capable of complying with the discovery requests, that he fully comprehended the consequences of his actions, and that he intended those actions to delay these proceedings.

Shayesteh previously was put on notice that failure to comply with discovery requests and orders could result in sanctions against him, including dismissal of his claim. By Court Order dated May 25, 2007, both Plaintiff and Shayesteh were put on notice that the Court would not tolerate further delay in the exchange of discovery necessary to bring this case to conclusion. The Court further warned that "[f]ailure to fully and timely cooperate [in discovery] by either side will be met with the harshest sanctions available, including the dismissal of any claims and/or the case with prejudice." By Order dated

January 10, 2008, Shayesteh was again informed that failure to fully comply with and/or respond to Plaintiff's discovery requests, including its request for tax and social security documentation, "will result in appropriate sanctions including dismissal of Mr. Shayesteh's claim." Despite these explicit warnings, Shayesteh has refused to furnish the requested discovery regarding his tax returns and any social security cards issued to him.

Finally, the Court is of the opinion that no lesser sanction available to the Court will bring about Shayesteh's compliance and cooperation in bringing this case to a reasoned and meritorious conclusion. The Court has been direct in its orders to Shayesteh to no avail. The Court has employed threat of sanctions, including dismissal of Shayesteh's claim, to no avail. By his conduct, it appears that Shayesteh has no intention of providing his tax returns and social security documentation requested by Plaintiff and ordered by the Court, and that it is pointless for the Court to consider Shayesteh's claim any further.

In summary, the Court specifically finds that the aggravating factors surrounding Shayesteh's bad faith in refusing to provide tax return and social security documentation as requested and ordered, outweigh the strong predisposition of the judicial system to resolve cases on their merits and that

dismissal of his claim to the subject currency is an appropriate sanction for his bad faith.

## CONCLUSION

Therefore, **IT IS ORDERED** that Plaintiff's Second Motion to Strike Claim of Ahmad Shayesteh for being Non-Responsive (Doc. #145) is Granted.  Plaintiff is requested to prepare an appropriate form of Order of Forfeiture for the Court's signature.

DATED this 31st day of March, 2008.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT